UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22857-CIV-UNGARO/TORRES

SOL TUCKER,

    Petitioner,

v.

ADENA ELLENBY, *et al*,

    Respondents.

_____/

## **ORDER ON RESPONDENT'S MOTION FOR ABSTENTION**

This matter is before the Court on Respondent Adena Ellenby a/k/a Adena Tucker's ("Respondent") Motion for Abstention [**D.E. 39**] and Petitioner Sol Tucker's ("Petitioner") Response in opposition thereto [**D.E. 40**]. On October 4, 2011, we held an evidentiary hearing on Petitioner's Verified Petition for Return of Child to Petitioner ("Petition"). [D.E. 1].[1] At the conclusion of the day-long hearing (during which Petitioner completed the presentation of his case), we *sua sponte* raised the issue of the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and the appropriateness of our abstaining from adjudicating the merits of the Petition in light of the ongoing divorce and custody proceeding between Petitioner and Respondent in the state trial court.

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro. [D.E. 16].

With the Court's permission, Respondent formally moved for abstention under *Younger* as well as *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  Petitioner argues that abstention is not warranted under either *Younger* or *Colorado River*.

We have considered the parties' arguments on the abstention issue in light of the evidence in the record before us.  We conclude that abstention is not warranted for the reasons discussed below.  Accordingly, we Deny Respondent's motion for abstention and will set this matter for hearing in order to conclude the evidentiary portion of the case and to hear argument from counsel on the merits of the Petition.

## I.  BACKGROUND

### A.  *Petition Filed in This Court Pursuant to the Hague Convention and ICARA*

This case involves Petitioner's claim that Respondent wrongfully removed their two-year old son, Mateo Robinson Tucker ("the child"), from his habitual residence of Belize and is, with the assistance of her parents, Respondents Marc J. Ellenby and Kiki Ellenby ("the Ellenbys"), wrongfully retaining the child in the United States, without his consent and in violation of his custody rights over the child.  Through the Petition filed in this court on August 8, 2011 pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Hague Convention"), T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, *et seq.*, Petitioner seeks the return of the child to Belize.

Respondent and the Ellenbys dispute the allegations of wrongful removal and retention. They also raise two affirmative defenses to the Petition, alleging that (1) Petitioner consented to or subsequently acquiesced in the removal or retention of the child and (2) there is a grave risk that returning the child to Belize would expose him to physical or psychological harm or otherwise place him in an intolerable situation. [D.E. 18, 21, 24]. Accordingly, they urge us to deny the Petition.

### B.   *Divorce and Custody Proceeding in State Court*

Prior to the filing of the Petition in this court, on March 29, 2011, Respondent filed a petition for dissolution of marriage in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida, seeking in part sole parental custody of the child. *See Ellenby v. Tucker*, No. 2011-009819-FC-04 (Fla. Cir. Ct.). The case was pending until very recently.[2] Parental time-sharing was ordered but final determinations on dissolution and custody have not yet been made. It is undisputed that Petitioner did not ask the state court to order that the child be returned to Belize based on allegations of wrongful removal and retention pursuant to the Hague Convention and ICARA or on any other basis.

### II.  ANALYSIS

Respondent argues that we should abstain from deciding the Petition and allow the issues raised therein to be decided in the state custody proceeding pursuant to the *Younger* and *Colorado River* abstention doctrines. The parties recognize that federal

---

[2]   We have been advised that the state court judge has entered or will be entering a stay in the case based on communications with this Court and the anticipated denial of the motion to abstain.

and state courts have concurrent original jurisdiction over international child abduction cases such as this one. 42 U.S.C. § 11603(a). But Respondent contends that the Hague Convention issues should have been raised in the state court action, for the financial benefit of the parties, the convenience of state witnesses, and in the interest of judicial economy. Moreover, she asserts that there are no extraordinary circumstances here such that deference to the state court would present a significant and immediate potential for irreparable harm to the federal interests asserted.

### A. *Younger Abstention*

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (citing *Colorado River*, 424 U.S. at 817)). "Virtually" is not "absolutely," however, and in exceptional cases federal courts may and should withhold equitable relief to avoid interference in state proceedings. *Id.* "The Younger doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979).[3] This doctrine is an exception to the general rule of non-abstention and derives from "the vital consideration of comity between the state and national governments." *31 Foster Children*, 329 F.3d at 1274 (internal citation omitted). Under *Younger*, abstention is warranted when (1) there is an ongoing state

---

[3] The *Younger* case concerned state criminal proceedings but its principles have been applied to civil proceedings in which important state interests are involved. *Moore*, 442 U.S. at 423.

judicial proceeding with which the federal proceeding would interfere; (2) the state court proceeding implicates important state court interests; and (3) the state court proceeding provides the petitioner with an adequate opportunity to raise his claims. *Id.*; *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005).

We conclude that Respondent has failed to demonstrate that our adjudication of the Hague Convention claim would interfere with the ongoing state custody proceeding, an essential showing under the first *Younger* factor. *31 Foster Children*, 329 F.3d at 1276. In deciding this issue, we look to the relief requested and the effect it would have on the state proceeding. *Id.*

Petitioner seeks the return of his child to Belize, the country alleged to be the child's habitual residence and from which he allegedly was wrongfully removed. The goals of the Hague Convention are "to secure the prompt return of children wrongfully removed to or retained in any Contracting State" and "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." *Lops v. Lops*, 140 F.3d 927, 935 (11th Cir. 1998) (quoting the Hague Convention, art. 1).[4] A court deciding a petition for relief under ICARA and the Hague Convention "has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute." *Id.* at 936; *see also* 42 U.S.C. § 11601(b)(4); Hague Convention, art. 16. The Hague Convention is thus designed to restore the pre-abduction status quo and to deter parents from crossing international borders in search of a more sympathetic forum. *Lops*, 140 F.3d at 936.

---

[4] Both the United States and Belize are signatories to the Hague Convention.

Our adjudication of the issues raised in the Petition – whether the child's removal from Belize and his retention in this country were wrongful and, if so, whether he should be returned to Belize – would not affect the custody determination that would be made in state court pursuant to state family law. The Third Circuit in *Yang* succinctly summarized the differences between Hague Convention petitions and custody disputes for purposes of the abstention question:

> The difference in subject matter between a custody determination and an adjudication of a Hague Convention Petition is the reason for finding no interference if the Hague Convention issues have not been presented in state court. *Custody litigation in state court revolves around findings regarding the best interest of the child, relying on the domestic relations law of the state court. An adjudication of a Hague Convention Petition focuses on findings of where the child was habitually located and whether one parent wrongfully removed or retained the child.* Hague Convention, art. 3, 19 I.L.M. at 1501. *These are distinct determinations and* the statutory language of the Hague Convention and ICARA explicitly provides that *these determinations do not need to be made by the same court*[:] "[t]he Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." 42 U.S.C. § 11601(b)(4).

416 F.3d at 203 (emphasis supplied). In *Yang*, because the Hague Convention had not been raised in the state custody proceeding, the court concluded that the federal court's adjudication of a Hague Convention petition would not interfere with the state action. *Id.* at 203-204.

As in *Yang*, in our case the Hague Convention was not raised in the state proceeding. This fact is not in dispute.[5] Because there is no Hague Convention claim

---

[5] Any suggestion that Hague Convention issues were injected into the state proceeding is not well-taken. Petitioner's actions in making the state judge aware that he had applied to the State Department and later filed a Petition in federal court seeking the return of his child under the Hague Convention and ICARA, do not equate to his initiating a judicial proceeding in state court for the return of his child. 42

pending in the state proceeding, our adjudication of the Petition will not interfere with the state proceeding. *See Yang*, 416 F.3d at 203 ("It is clear that if the state proceeding is one in which the petitioner has raised, litigated and been given a ruling on the Hague Convention claims, any subsequent ruling by the federal court on these same issues would constitute interference. *It seems equally clear that, if the state court in a custody proceeding does not have a Hague Convention claim before it, an adjudication of such a claim by the federal court would not constitute interference.*" (emphasis supplied)); *Barzilay v. Barzilay*, 536 F.3d 844, 852 (8th Cir. 2008) (finding district court abused its discretion in abstaining from adjudication of Hague petition where neither parent filed a Hague petition in the pending state custody proceeding and thus the Hague Convention issues were not properly or fully raised in that proceeding).

The second *Younger* factor, whether the state proceeding implicates important state court interests, likewise does not support abstention. It cannot be disputed that the State of Florida has a strong interest in domestic relations and custody matters, but they are not issues in our case. The Petition seeks the return of the child "under the Hague Convention and ICARA, which is a federal statutory matter." *Yang*, 416

---

U.S.C. § 11603(b) ("Any person seeking to initiate judicial proceedings for the return of a child . . . may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed."). Similarly, requesting that the state judge address parenting time with the child (or grant "access" under Article 21 of the Hague Convention) is not a request for the return of the child pursuant to the Hague Convention and ICARA. Determining the best interests of the child under state law for custody purposes does not resolve the merits of Respondent's contention that returning the child to Belize presents a grave risk of physical or psychological harm to him. It is clear there is no overlap in the issues that will be adjudicated in the different cases.

F.3d at 204 (citing *Hazbun Escaf v. Rodriquez*, 191 F. Supp. 2d 685, 693 (E.D. Va. 2002) (custody is not at issue in a Hague Convention petition, which addresses only the propriety of the removal or retention of a child across national boundaries and thus implicates important *federal* interests in foreign relations and the enforcement of U.S. treaty obligations)); *see also Barzilay*, 536 F.3d at 850 (a state has an important interest in child custody matters but "that interest has not been considered to be a significant factor in terms of abstention where ICARA is involved."); *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (concluding that the state's interest in the resolution of a child custody dispute litigated in its court did not appear "to raise the sort of substantial comity concerns requiring *Younger* abstention").[6] The state's interest here, while important, does not support *Younger* abstention.

      Moreover, we agree with the *Yang* court that if a federal court abstained from adjudicating a Hague Convention petition simply because child custody was being disputed in state court, the Hague Convention and ICARA would be rendered meaningless. 416 F.3d at 204. The purpose of the Hague Convention "is to provide a reasoned determination of where jurisdiction over a custody dispute is properly placed." *Id.* at 203. Until that issue is resolved, the custody dispute in state court cannot be

---

[6] Although the Second Circuit determined in *Grieve* that the state's interest in custody issues was not sufficiently significant within the meaning of *Younger* to support abstention, the court nevertheless affirmed the district court's order abstaining on that ground. 269 F.3d at 152-55. The affirmance was based solely on collateral estoppel grounds: when the father failed to appeal a different district court's ruling that abstention was required under *Younger*, that ruling became final and, by operation of collateral estoppel, conclusive between the parties, so that the father was precluded from raising Hague Convention claims in another proceeding in a different district court. *Id.* 153-54.

determined with finality. Hague Convention, art. 16; *see also Hazbun*, 191 F. Supp. 2d at 690 (a state court may proceed to determine legal custody only where the court in which the Hague Convention claims were raised first finds that the petitioner cannot prove wrongful removal or retention or where the respondent establishes one of the available affirmative defenses). As a result, a federal court's "[d]eference to a state court's interest in the outcome of a child custody dispute would be particularly problematic." *Grieve*, 269 F.3d at 153; *see also Hazbun*, 191 F. Supp. 2d at 693 (the state court's interest in a custody matter did not arise until after the Hague Convention and ICARA issues were resolved*).*

Finally, Respondent has failed to establish the third *Younger* factor for abstention. Although the state court has jurisdiction to entertain a Hague Convention petition, Petitioner did not raise such a claim in the state proceeding. He chose instead to file the Petition in federal court. It is unlikely, therefore, that Petitioner will have an adequate opportunity to raise his Hague Convention claims in the state forum. *See Yang*, 416 F.3d at 204; *Hazbun*, 191 F. Supp. 2d at 692.

Because Respondent failed to meet the *Younger* requirements for abstention, we deny her motion on that ground.

### B.     *Colorado River Abstention*

Respondent also asks us to abstain from adjudicating the merits of the Petition under the *Colorado River* abstention doctrine. This doctrine allows abstention by a federal court in favor of a parallel state proceeding based on "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and

comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (internal citation omitted). Abstention from federal jurisdiction is the exception, however, not the rule. *Lops*, 140 F.3d at 942 (citing *Colorado River*, 424 U.S. at 813 (the doctrine of abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.")).

When a parallel state court proceeding exists, the Supreme Court has outlined six factors to consider in determining whether to abstain and dismiss a federal action:

> (1) whether one of the courts has assumed jurisdiction over any property in issue; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights.

*Id.* at 942-43 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983)). No one factor is *per se* determinative; how each factor is weighed depends on the facts of each case. *Id.* at 943. When on balance the factors weigh against abstention, the federal court should proceed notwithstanding the existence of the a parallel state proceeding.

We first must determine whether the concurrent state and federal cases are in fact parallel proceedings. The cases need not involve identical parties, issues, and requests for relief. *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1329-30 (11th Cir. 2004). Rather, they must "involve substantially the same parties and substantially the same issues." *Id.* at 1330. If the cases are not parallel, the *Colorado River* doctrine does not apply.

We find this threshold test has not been met. Arguably the parties are not substantially the same. Petitioner is asserting a wrongful retention claim against the Ellenbys in federal court whereas neither of the Ellenbys is a party to the divorce and custody proceeding in state court. Although the relief requested in federal court is the return of the child to Belize, which based on the facts of the case is directed more toward Respondent than her parents who allegedly are assisting in the wrongful retention of the child, the Ellenbys are nevertheless subject to this Court's jurisdiction, once properly invoked, under the Hague Convention.

More significant to our determination here is the fact that the issues are not substantially similar. As we already discussed in connection with *Younger* abstention, the subject matter of the two cases is decidedly different. This Court cannot decide issues of custody, only which jurisdiction should properly determine custody. And the state court cannot decide whether the child should be returned to Belize. It is true, as Respondent points out, that some of the same evidence could be used to support both her affirmative defense to the Hague claim (i.e., grave risk of harm if the child is returned to Belize) and her allegation that awarding her sole parental custody is in the best interests of the child. However, the fact that the same evidence could be used in both proceedings does not mean the issues are necessarily substantially similar. *See, e.g., Hazbun*, 191 F. Supp. 2d at 689 n.16 (although some of the defenses to the return of a child under the Hague Convention may mirror those in a custody dispute, the purpose of a Hague Convention proceeding is not to determine the best interests of the child as is the case in a custody dispute).

Even assuming the existence of a parallel state proceeding, we find abstention under *Colorado River* inappropriate. The first factor is inapplicable as neither the state nor federal court has jurisdiction over any property at issue.

The second factor, which addresses the convenience of the federal forum, does not favor abstention because all the parties are present within the district, making this forum convenient.[7]

The third factor focuses on the potential for piecemeal litigation and does not favor abstention. There is no potential for that as our adjudication of the Petition will fully resolve all issues relating to the wrongful removal and retention of the child, including which jurisdiction should decide the custody issues – issues that are not before the state court judge. *See, e.g., Small v. Clark*, No. 5:06-CV-125-Oc-10GRJ, 2006 WL 1281415, at * 1 (M.D. Fla. May 9, 2006); *Hazbun*, 191 F. Supp. 2d at 694.

The fourth factor, the order in which the forums obtained jurisdiction, likewise does not favor abstention. The dissolution/custody petition was filed in state court about four and a half months before Petitioner filed his Petition in federal court. However, proper application of this factor requires a comparison of the progression of the respective cases. *See Ambrosia*, 368 F.3d at 1333 (this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how

---

[7] Respondent's suggestion that the federal proceedings are inconvenient for witnesses from Belize because only the state court has judicial administration rules that specifically address the use of communication equipment during hearings [D.E. 39 at 9] is irrelevant when we can ensure that appropriate communication equipment is available as necessary during court proceedings. Moreover, Respondent has not proffered any witnesses in Belize who are indispensable in this proceeding.

much progress has been made in the two actions" (citing *Moses H. Cone*, 460 U.S. at 21)); *Lops*, 140 F.3d at 943.

There is no Hague Convention issue before the state court so, obviously, that court could make no progress in that regard. Progress has been made in our case, however. We attempted to expedite consideration of the Petition by scheduling a hearing for September 9, 2011, one month after the Petition was filed on August 8, 2011. [D.E. 17]. We reset the hearing twice at various parties' request [D.E. 19, 22, 23, 26, 29, 31], finally holding the hearing on October 4, 2011 [D.E. 35]. Petitioner presented his case-in-chief during that day-long hearing. Having decided against abstention, an Order setting a date on which to conclude the presentation of the evidence will be forthcoming.

The fifth *Colorado River* factor counsels against abstention as it is federal, not state, law that is applied in a Hague Convention/ICARA proceeding. *See Lops*, 140 F.3d at 943.

Finally, with regard to the sixth factor, the adequacy of each forum to protect the rights of the parties, "ICARA is a federal statute enacted to implement a treaty entered into by the federal government. Federal law provides the rule of decision in this case, which counsels against abstention by the federal district court." *Id.*

On balance, we find these factors strongly militate against abstention in this case under the *Colorado River* doctrine. Accordingly, Respondent's motion is denied on this basis.

## III.     CONCLUSION

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Respondent Adena Ellenby a/k/a Adena Tucker's ("Respondent") Motion for Abstention [**D.E. 39**] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of November, 2011.

                                          /s/ *Edwin G. Torres*
                                          EDWIN G. TORRES
                                          United States Magistrate Judge